# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **GREGORY MOORE** )( | | |
|     Plaintiff )( | | |
| )( | | |
| VS. )( | CIVIL ACTION NO. | |
| )( | | |
| )( | | |
| **STARBUCKS CORPORATION** )( | | |
|     Defendant )( | JURY TRIAL DEMANDED | |
| )( | | |

## PLAINTIFF'S ORGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE U.S. DISTRICT JUDGE:

GREGORY MOORE, Plaintiff, files this Original Complaint and Jury Demand against STARBUCKS CORPORATION (hereinafter "Starbucks "or "Defendant"), Defendant, and for cause of action alleges the following:

## I. INTRODUCTION

1. Plaintiff GREGORY MOORE bring this action against STARBUCKS for compensatory and punitive damages, declaratory and injunctive relief, pre-judgement and post-judgement interest, costs and attorneys' fees for violations of 42 U.S.C. §§ 1981 and 1982, and Title II of the Civil Rights Act of 1964, and further state as follows:

1

## II. THE PARTIES

2. Plaintiff GREGORY MOORE is a Black man, and a citizen and resident of Texas.

3. Defendant STARBUCKS CORPORATION is a Washington domestic corporation registered to do business in Texas and regularly and systematically conducts business in the State of Texas and within this district. Defendant may be served with summons by serving its registered agent:

>Corporation Service Co. dba Lawyer Incorporating Service Company
>Registered Agent
>211 East 7th Street, Suite 620
>Austin, TX 78701

## III. JURISDICTION AND VENUE

4. This is a civil rights lawsuit arising under federal law. This Court has subject matter jurisdiction over Mr. Moore's claims under 28 U.S.C. §§1331 and 1343(a) and 42 U.S.C. §2000a-6.

5. Venue is proper under 28 U.S.C. §1391(b)(2) as to Defendant because all or substantially all events the events giving rise to this claim occurred within this district and this division.

6. This Court has general personal jurisdiction over Defendant because Defendant is registered to conduct business in Texas and does business in Texas.

The Court also has specific personal jurisdiction because Mr. Moore is a resident of Texas and this District, and his claims arise out of an incident that occurred in Texas and in this District and this Division.

7. This action seeks declaratory and permanent injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure, 42 U.S.C. §§ 1981 and 1982 and Title II of the Civil Rights Act of 1964 , and pursuant to the general, legal and equitable powers of this Court.

8. Plaintiff's claims for attorney's fees and costs are predicated upon 42 U.S.C. § 2000d, 42 U.S.C. § 1988, 28 U.S.C. § 1343, and Fed. R. Civ. P. 54.

## IV. FACTUAL ALLEGATIONS

9. Mr. Moore was a victim of unlawful racial harassment by Starbucks.

10. The address of the involved Starbucks' store is 15518 FM 529, Cypress, Texas 77433. Defendant operates this store.

11. On the date of the incident central to this matter, January 20, 2024, Mr. Moore was a regular customer of Starbucks, and, specifically, the store located at the address set out above.

12. In the common consumer/service industry contractual relationship, Mr. Moore ordered a beverage, and paid for it. He placed the order on a mobile app. As Mr. Moore frequently purchased coffee from this Defendant location, he was known to most of the staff. Specifically, they knew he is a black man.

13. On entering the store to pick up his order, Mr. Moore saw many cups with filled orders awaiting customer pickup. Mr. Moore's cup had a note on its lid, see Exhibit 1.  No other cup had a note of any sort on its lid.

14. The note on Mr. Moore's cup lid read:

    What do you call two monkeys who share an Amazon account?

    Answer: Tell your barista.

15. The obvious answer to this racially toxic riddle—"Prime Mates."

16. Mr. Moore is a black man.

17. Characterizing black people as simians is within common knowledge an intentional and particularly dehumanizing racial slur. Most Americans would or should  immediately recognize the note on Mr. Moore's cup as intentionally racist and offensive. It most certainly would shock the conscience of all people of goodwill.

18. Mr. Moore made an immediate written complaint to Starbucks' management, and repeatedly followed up. Defendant, however, neither apologized nor attempted to explain the occurrence. Nor did Defendant say or do anything to indicate that it found anything wrong or even mildly disturbing with slamming a black male customer with a racist trope.

19. Defendant did not communicate to Mr. Moore any interest in or plan to investigate or remediate or do anything meaningful at all about the discriminatory

conduct its employees inflicted on Mr. Moore, and the reasonable likelihood that, without some action by Defendant, such acts of race-based discrimination would continue.

20. Defendant's inaction, led Mr. Moore to hire counsel who wrote to the President of Starbucks through its Texas registered agent and directly, asking Defendant to engage in a resolution dialogue. The letters were delivered, but Starbucks' President and Starbucks ignored them.

21. The failure of Starbucks to take any action when formally was made aware about this unlawful and outrageous racial discrimination factually evidences Starbucks' acceptance and ratification of this intentional race-based discrimination toward a Black customer.

22. In reporting the incident to Starbucks, Mr. Moore provided photographic evidence that it occurred, see Exhibit 1. Despite this, Starbucks took no action. It ignored his complaint and the unlawful conduct that caused his complaint.

23. The incident, and Starbucks' deliberate indifference to is complaint, was intended to and did cause physical and emotional injury to Mr. Moore.

## V. CAUSES OF ACTION

**A. Discrimination on the Basis of Race in Violation of 42 U.S.C. § 1981**

24. Plaintiff incorporates the allegations made throughout the Complaint.

25. 42 U.S.C. §1981 prohibits intentional racial, ethnic, and ancestry-based discrimination in the making and enforcing of contracts involving both public and private actors.

26. Plaintiff, a black man, was targeted by Defendant employees, acting in the course and scope of their employment with Defendant, to receive his purchased coffee with a note attached that was intended to degrade him because he is black. None of the many other cups located in the exact area had any note attached to them. Obviously, no white customer was subjected to this degradation.

27. Defendant is responsible for the intentional race-based discrimination of its employees.

28. Alternatively, Defendant ratified the conduct of its employees by failing to take meaningful efforts to address its known race-based discrimination.

29. Defendant's conduct violated Plaintiff's equal right to make and enforce contracts as is enjoyed by white citizens.

30. Plaintiff has the same civil right to be treated equally in making and enforcing contracts and to be subject to the same punishments, pains, and penalties, as white citizens, and has the right to the performance, benefits, privileges, terms, and conditions of the contracts he enters into. Mr. Moore had a right to enjoy the drink he purchased from Defendant without experiencing race-based discrimination intended to demean him.

31. When Plaintiff contracted with Defendant to purchase Defendant's primary product--a cup of coffee—he had the right to be treated equally and free from discrimination.

32. Defendant violated Plaintiff's civil rights it when it denied him equal treatment in making and enforcing his contract with Defendant. Defendant's racial animus in providing its product to Plaintiff subjected Plaintiff to differing punishments, pains, penalties, and exclusions than those Defendant afforded white citizens.

33. Plaintiff was unable to enjoy the performance, benefits, privileges, terms, and conditions of the purchasing contract he entered into with Defendant because he was singled out for a heinous racial slur as a condition of picking up a cup of coffee he had paid for.

34. Plaintiff cannot again enjoy the simple act of buying a cup of coffee without reasonable concern that the same or similar racist misconduct will happen again, causing, inconvenience, mental anguish, physical and emotional distress, humiliation and embarrassment.

35. Defendant intentionally and purposefully discriminated against Plaintiff based on his race when, by and through its employees and agents, Starbucks singled out Plaintiff from their other customers to provide his purchased coffee with a racial slur attached, and then, took no action when told about this outrage.

36. Defendant fully knew and knows the racial slur was illegitimate and motivated by racial animus. No reasonable person would doubt that this misconduct was an intentional discrimination based on Plaintiff's race.

37. Plaintiff, at all times, acted professionally, appropriately and respectfully, and did nothing to justify, as if anything could justify, Defendant's malicious discrimination based on his race.

38. Defendant had a duty to uphold its contractual duties and obligations to Plaintiff and not act out of intentional, purposeful discrimination; but instead, Defendant disregarded these duties and acted in an arbitrary and capricious manner for no sound purpose.

39. As a result of Defendant's intentional racial discrimination, Mr. Moore has suffered emotional distress, mental suffering, anxiety, and humiliation. Mr. Moore in fact has reasonable and legitimate concern that his unquestionable right to be free of discrimination in even simple and everyday commercial transactions is in constant and imminent peril.

40. Defendant's willful, intentional, and unlawful actions violate the laws and regulations of the United States, including, without limitation, 42 U.S.C. § 1981.

**B. Discrimination on the Basis of Race in Violation of 42 U.S.C. § 1982**

41. Plaintiff incorporates the allegations made throughout the Complaint.

42.     Defendant intentionally discriminated against Mr. Moore on the basis of race in his attempt to obtain service at the Starbucks' store located at 15518 FM 529, Cypress, Texas.

43.     Alternatively, Defendant has ratified the conduct of its employees by failing to take meaningful efforts to address their known intentional discrimination.

44.     Defendant's conduct violated Mr. Moore's equal right to purchase personal property as is enjoyed by white citizens.

45.     As a result of Defendant's intentional racial discrimination, Mr. Moore has suffered emotional distress, mental suffering, anxiety, and humiliation. Mr. Moore in fact has reasonable and legitimate concern that his unquestionable right to be free of discrimination in even simple and everyday commercial transactions is in constant and imminent peril.

46.     Defendant's willful, intentional, and unlawful actions violate the laws and regulations of the United States, including, without limitation, 42 U.S.C. § 1982

### C. Discrimination on the Basis of Race in Violation of Title II of the Civil Rights Act of 1964 (42 U.S.C. § 2000a).

47.     Plaintiff incorporate the allegations made throughout the Complaint.

48.     Defendant operates a Starbucks' store located at 15518 FM 529, Cypress, Texas. That store serves or offers to serve interstate travelers and the food which it serves has moved in commerce.

49. Mr. Moore was intentionally discriminated against by Defendant on the basis of race in his attempt to obtain service at the Starbucks' store located at 15518 FM 529, Cypress, Texas. Starbucks denied Mr. Moore services that it provided to white patrons. Alternatively, Mr. Moore received service in a markedly hostile manner that a reasonable person would find objectively discriminatory.

50. Defendant is responsible for the discriminatory acts of its employees.

51. Alternatively, Defendant has ratified the conduct of its employees by failing to take meaningful efforts to address their known intentional discrimination.

52. Mr. Moore seeks a declaratory judgment that Starbucks' conduct violated Title II of the Civil Rights Act of 1964.

## VI. REMEDIES

53. Mr. Moore seeks compensatory and punitive damages, reasonable attorneys' fees as provided by statute, and a declaration that Defendant intentionally discriminated against him on the basis of race.

## VII. CONDITIONS PRECEDENT

54. All conditions precedent to assertion of and recovery for each and all of the claims made by Mr. Moore been performed, are excused, or have occurred.

## VIII. JURY DEMAND

55. Plaintiff demands a trial by jury.

## IX. PRAYER

56. Wherefore, Mr. Moore requests that this matter be set for trial and after a trial on the merits, a Final Judgment be entered in favor of Mr. Moore against Defendant and that Mr. Moore be awarded the following:

(a) damages as set forth herein;

(b) punitive damages;

(c) costs of this action and reasonable attorneys' fees;

(d) pre- and post-judgment interest as allowed by law;

(e) a declaration that Defendant intentionally discriminated against Mr. Moore on the basis of race;

(f) all other relief, in law or in equity, to which Mr. Moore is entitled.

Respectfully submitted,

**JACK E. URQUHART**
**ATTORNEY AT LAW**

*/s/ Jack E. Urquhart*
State Bar No. 20415600
1302 Waugh Drive, No. 880
Houston, Texas 77019
832-723-2201
jack.urquhart47@gmail.com

ATTORNEY FOR PLAINTIFF